IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SAMANTHA FELICIA GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:12cv213-WC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

## I.      INTRODUCTION

Plaintiff, Samantha Felicia Glenn, applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and supplemental security income ("SSI") payments under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*. Her applications were denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled at any time through the date of the decision.  Tr. 32.  The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. Tr. 1-5.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v.*

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

*Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 10); Def.'s Consent to Jurisdiction (Doc. 9).  Based on the court's review of the record and the briefs of the parties, the court REVERSES the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id.*

The court's review of the Commissioner's decision is a limited one.  This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.   . . .  No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-five years old at the time of the hearing before the ALJ.  Tr. 42.  Plaintiff has a high school education.  Tr. 31; 42.  Plaintiff's past relevant work experience was as a "Fast Food Worker" (light, unskilled), "Fast Food Cook" (medium, unskilled), "Manager of a Fast Food Restaurant" (light, skilled), "Order Selector" (medium, unskilled), "Sandwich Maker" (medium, unskilled), and "Telephone Solicitor" (Sedentary, Semiskilled).  Tr. 30.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since October 15, 2009, the alleged onset date."  (Step 1) Tr. 19.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments:  "degenerative disc disease of the lumbar spine, left ankle fracture, right femur fracture and osteoarthritis of the right hip."  *Id*.[5]  The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)."  Tr. 20.  Next, the ALJ found that Plaintiff:

> has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Function by Function:  The claimant can lift/carry 10 pounds occasionally, items of negligible weight frequently.  The claimant can stand/walk 2 hours with the option to sit/stand every 30 minutes.  The claimant can sit 6 hours. The claimant can frequently use her upper extremities for pushing and

---

[5]  Plaintiff was involved in a car accident as a teenager and fractured her right thighbone.  Tr. 351. Plaintiff underwent right hip surgery in 2003, Tr. 249, and left ankle surgery in 2005. Tr. 296-97.

pulling. The claimant can occasionally use her lower extremities for pushing and pulling. The claimant can occasionally balance, stoop, kneel, crouch and crawl. The claimant can occasionally climb ramps and stairs. The claimant cannot climb ladders, ropes, or scaffolds. The claimant can frequently reach and handle. The claimant's ability to finger and feel is unlimited. The claimant can occasionally work in the following environment: exposure to extreme cold. The claimant should avoid all exposure to unprotected heights and dangerous machinery. The claimant would be limited to simple, routine tasks involving no more than simple, short instructions and simple work-related decisions with few work place changes. The claimant would be limited to jobs in which she would have only occasional and non-transactional interactions with the public. The claimant is able to sustain concentration and attention for two-hour periods with customary breaks.

Tr. 20-21. The ALJ then concluded that Plaintiff "is unable to perform any past relevant work." (Step 4) Tr. 30. At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with a VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 31. The ALJ identified the following occupations as examples: "Table Worker," "Document Scanner," "Information Clerk," "Agricultural Sorter," and "Label Pinker" (or Label Cutter). Tr. 27. Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from October 15, 2009, through the date of th[e] decision." Tr. 32.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents one issue for this court's consideration in review of the ALJ's decision: whether "[t]he Commissioner's decision should be reversed, because the ALJ erred in rejecting Dr. Durant's medical opinion that Ms. Glenn experiences disabling

pain."  Pl.'s Br. (Doc. 12) at 3.

## V.    DISCUSSION

### *Whether the ALJ improperly rejected the treating physician's opinion.*

Plaintiff argues that the ALJ erred because "he failed to credit Dr. Durant's medical opinion concerning the severity of Ms. Glenn's pain" and did not "explain what other medical reports conflicted with the treating notes and examination findings of Dr. Durant and his accompanying medical opinions and why those other reports should be granted greater weight than the examination finding and opinions of the treating physician."  Pl.'s Br. (Doc. 12) at 9.  Defendant contends that "[t]he ALJ identified good cause for discounting Dr. Durant's opinions.   Specifically, the ALJ found that Dr. Durant's opinions were inconsistent with other medical evidence of record. (Tr. 29)." Def.'s Br. (Doc. 13) at 9.

It is well-settled that the ALJ must accord "substantial weight" or "considerable weight" to the opinion, diagnosis, and medical evidence of the claimant's treating physician unless "good cause" exists for not doing so.  *Jones v. Bowen,* 810 F.2d 1001, 1005 (11th Cir. 1986); *Broughton v. Heckler,* 776 F.2d 960, 961 (11th Cir. 1985).  *See also Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 CFR § 404.1527(d)(2)).  "'The [ALJ] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error.'" *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (quoting *MacGregor v. Bowen*,

786 F.2d 1050, 1053 (11th Cir. 1986)).

On August 9, 2011, Dr. Durant completed a Medical Source Statement of Ability to do Work-related activities (physical) and a Clinical Assessment of Pain form.  Among the limitations Dr. Durant noted in the Medical Source Statement of Ability to do Work-related activities, he indicated that Plaintiff:  can sit one hour at a time and one hour total in an 8-hour workday; can stand for 30 minutes at a time for one hour total in an 8-hour workday; needs to elevate her feet for 2 to 3 hours; does not require a cane to ambulate but could not ambulate far without a cane due to her right hip and left leg; can never use her left foot to operate foot controls; can never climb ladders or scaffolds, balance, stoop, kneel, crouch, and crawl; cannot walk a block at a reasonable pace on rough or uneven surfaces; would likely be absent more than four days per month as a result of her impairments and/or treatment; and was not able to work 8 hours per day, 5 days a week. Tr. 29; 416-21.  Among the things Dr. Durant noted Plaintiff can do, Dr. Durant indicated that Plaintiff can:  operate a motor vehicle; perform activities such as shopping and can travel without a companion for assistance; ambulate without using a wheelchair, walker or two canes or two crutches; use standard public transportation; prepare a simple meal and feed herself and take care of personal hygiene; and sort, handle, and use paper files. Tr. 29; 416-21.  In his Clinical Assessment of Pain form, Dr. Durant indicated that: Plaintiff's "[p]ain is present to such extent as to be distracting to adequate performance of daily activities"; Plaintiff experiences "[g]realty increased pain and to such a degree as to

cause distraction from task or total abandonment of task"; and "[d]rug side effects can be expected to be severe and to limit effectiveness due to distraction, inattention, drowsiness, etc." Tr. 29; 422. Additionally, in a letter dated August 9, 2011, Dr. Durant opined that Plaintiff:

> has early arthritis in the right hip with metal rod placement due to an automobile accident.
>
> She also has chronic pain in the left ankle with two screws. Ms. Glenn has recently been seen by an orthopedic surgeon who has also indicated arthritis is present. Due to this, it is unlikely she will find gainful employment in the near future.

Tr. 427.

In rejecting Dr. Durant's medical opinion, the ALJ stated that "the physical capabilities evaluation and clinical assessment of pain in Exhibit 18F and the letter in Exhibit 20F are *not consistent with the other medical evidence of record.* Thus, they merit no substantial weight." Tr. 29 (emphasis added). The ALJ, however, does not explain how the Dr. Durant's opinion is "not consistent with other medical evidence of record." In fact, the ALJ does not identify to what other evidence of record he is referring. Therefore, "the ALJ did not adequately address evidence indicating that [Dr. Durant]'s opinion is unsupported by and inconsistent with the record." *Bagley v. Astrue*, 2009 WL 3232646, at *8 (M.D. Fla. Sept. 30, 2009) (citing 20 C.F.R. §§ 404.1527(d)(2)-(5) & 416.927(d)(2)-(5)).

The only other medical opinions discussed in the ALJ's opinion are those of Dr.

9

Alphonza Vester, who completed a consultative examination of Plaintiff on April 6, 2010, and Dr. Calvin Johns, a medical expert who reviewed the medical record and testified at the hearing on August 11, 2011.   The ALJ determined Dr. Vester's consultative examination report "is generally but not completely consistent with the treatment evidence.  Thus, it merits substantial but not significant weight." Tr. 28.[6]  As to the Dr. Johns's opinion, the ALJ determined "I find that the medical expert's opinions are consistent with the other medical evidence of record and thus merit significant weight." Tr. 30.[7]

Plaintiff points out that "[a]s Dr. John[]s expressed that he would agree with Dr. Durant's medical opinion concerning the severity of Ms. Glenn's pain and the ALJ granted Dr. Johns's medical opinions most weight, one would think that the ALJ would have included Dr. Durant's pain limitation into his administrative findings."  Def.'s Br. (Doc. 12) at 9.  The court agrees.  The ALJ accorded Dr. Johns's opinion the most

---

[6] Dr. Vester opined that "[i]t is difficult to assess the degree of discomfort that the claimant truly is suffering.  My best impression is that the claimant has chronic back pain that may indeed have a basis in structural disease.  I think that at this time, she is at most limited to a moderate extent.  I think that the claimant is mildly limited by post traumatic discomfort in the right and left lower extremity."  Tr. 353. Dr. Vester, thus, opined "[i]n view of findings on examination, I would consider the claimant probably mildly limited with sitting.  I[] think that her limitation with standing is moderate.  I think that she is probably moderately limited with walking, lifting and carrying objects.  She is not limited with handling objects.  She is not limited with hearing or speaking.  I think that her limitation with traveling would be moderate at most." Tr. 353.

[7] At the hearing, Dr. Johns opined that Plaintiff has "some limited use of her lower extremity, her left lower extremity" but no other limitations.  Tr. 60.  The ALJ's opinion noted Dr. Johns's opinion regarding Plaintiff's lower extremity limitations and further noted as follows:  "[t]he medical expert stated that most people are able to return to regular activity after surgery.  The claimant has more than the usual limitations—pain is subjective but two serious surgeries could cause pain and not having insurance affects what a person can do.  The medical expert opined that he would go along with the regular doctor's assessment of pain." Tr. 30.

weight, but failed to explain why he did not incorporate any pain limitations into his RFC assessment though Dr. Johns agreed with Dr. Durant's pain assessment. Moreover, applying the factors identified in 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6)[8] to the other medical opinions on the record demonstrates that the ALJ has not articulated a basis for finding that those opinions are entitled to "greater" weight than the opinion of Dr. Durant. For example, Dr. Johns did not treat or examine Plaintiff and, while Dr. Johns may have had the opportunity to review the entire medical record, unlike Dr. Durant, Dr. Johns himself conceded the difficulty of assessing Plaintiff's pain and deferred to Dr. Durant's pain assessment. The ALJ also fails to explain why he accorded greater weight to Dr. Vester's consultative examination from 2010 over Dr. Durant's opinion from 2011.

This court "cannot affirm based on a post hoc rationale that 'might have supported the ALJ's conclusion.'" *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984). Accordingly, upon review of the record in this case, the court finds that it cannot conduct an adequate judicial review of the ALJ's opinion without a proper analysis of Dr. Durant's medical opinion. Accordingly, this case is due to be remanded back to the ALJ. *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) ("Without a

---

[8] The factors include the length of the treatment relationship and the frequency of examination; the nature and extent of any treatment relationship; supportability; consistency with other medical evidence in the record; specialization; and other factors. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

clear explanation of the ALJ's treatment of [treating physician's] opinion, we cannot determine whether the ALJ's ultimate decision on the merits was rational and supported by substantial evidence."). On remand, the ALJ should evaluate the evidence with respect to Dr. Durant's opinion and state the weight given to Dr. Durant's opinion. If the ALJ decides to discount Dr. Durant's opinion, adequate reasons supported by substantial evidence should be clearly articulated.

## VI. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and the case REMANDED for further proceedings consistent with this opinion. A separate judgment will issue.

Done this 13th day of September, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE