IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

SAMANTHA FELICIA GLENN,        )
                               )
        Plaintiff,             )
                               )
    v.                         )   CIVIL ACTION NO. 3:12-cv-213-WC
                               )
CAROLYN W. COLVIN,             )
Acting Commissioner of Social Security, )
                               )
        Defendant.             )

# MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Approval of Attorney's Fees (Doc. 25), in which Plaintiff's counsel seeks attorney's fees, pursuant to 42 U.S.C. § 406(b), for representing Plaintiff before this court. The Commissioner's Response (Doc. 26) asks the fee award be "reasonable" and for counsel to return the amount of attorney's fees previously awarded under the Equal Access to Justice Act (EAJA). *See* Doc. 24.

Plaintiff and her counsel entered into a contingency fee agreement, agreeing that a fee of twenty-five percent of all past-due benefits awarded would be paid to counsel upon a successful appeal to federal court. After a denial of benefits at the administrative level, Plaintiff brought a suit in federal court wherein the denial of benefits was reversed and remanded back to the Administrative Law Judge to reevaluate the evidence with respect to a physician's opinion and state the weight given thereto. (Doc. 15) at 12. At a subsequent hearing on remand, Plaintiff was found to be disabled, and she was awarded

past-due benefits in the amount of $43,575.92.00, as well as future benefits. Plaintiff's counsel asserts that he is entitled under the fee agreement to twenty-five percent of Plaintiff's past due benefits, an amount of $10,893.98 in total. However, Plaintiff's counsel has been awarded $5,500.00 pursuant to 42 U.S.C. § 406(a) for the work performed at the administrative level. Thus, Plaintiff's counsel requests this court approve as reasonable a payment of the remaining portion of the contingency fee, an amount of $5,393.98,[1] for the sixteen hours of work Plaintiff's counsel performed while before this court or, in other words, a rate of approximately $337.13 per hour.

In *Gisbrecht v. Barnhart*, the Supreme Court examined the question of attorney's fees in conjunction with contingency fee agreements in Social Security disability cases. Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claims in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. 789, 807 (2002). The burden is on the attorney for the claimant to "show that the fee sought is reasonable for the services rendered." *Id*. *Gisbrecht* instructs that the court consider reasonableness in terms of the following: the character of representation; the result achieved by the attorney; any delay caused by the attorney; the amount of benefits relative to the time spent on the action such that the attorney receives a windfall;

---

[1] As discussed below, Plaintiff's counsel concedes that he must refund Plaintiff $1,800.00 for the Equal Access to Justice Act ("EAJA") award previously collected in this case. *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010). However, to determine whether the contingency fee is reasonable, the court will consider the total amount Plaintiff's counsel will have collected for his time.

fraud or overreaching in making the agreement; and that the requested fee does not exceed twenty-five percent of past-due benefits. *Id.* at 808-09.

Plaintiff's counsel states that $5,393.98 for sixteen hours of work, or approximately $337.13 per hour, is reasonable. Specifically, Plaintiff's counsel asserts as follows:

> In demonstrating reasonableness, [Plaintiff's counsel] notes that he has been working on Social Security litigation since October 2005, appearing as counsel of record on over eighty (80) Social Security cases in the Middle District of Alabama [in addition to the social security litigation Plaintiff's counsel handles in the Southern District of Alabama and the Northern District of Florida]. [Plaintiff's counsel]'s opportunity to work on many social security cases litigated in federal court has enabled him to spend less time on [Plaintiff]'s case than other lawyers who are not as experienced. [Plaintiff's counsel] also notes that [Plaintiff] and [Plaintiff's counsel] entered into an agreement, within the statutory maximum, which secured representation by capable and experienced counsel, and consequently, [Plaintiff's counsel] assumed the risk that he would receive nothing if unsuccessful.

(Doc. 25) at 3 (footnotes omitted). Plaintiff's counsel also states that "at [Plaintiff]'s administrative hearings[, he] persuaded Administrative Law Judge Intoccia to credit [Plaintiff's] pain testimony," and "he obtained a fully favorable decision for [Plaintiff] on a matter she was previously denied[,] which included significant past due benefits in the amount of $43,575.92.00 and future benefits." *Id.* at 3-4 (footnotes omitted). Additionally, Plaintiff's counsel points to other social security cases in which rates upwards of $1,000 per hour were approved as reasonable. The court is unaware of any delay caused by Plaintiff's counsel in this case or any fraud or overreaching in arguments presented on Plaintiff's behalf. The court observes that the Commissioner does not oppose the fee award, and the request does not exceed the twenty-five-percent ceiling

established by § 406(b). Under these circumstances, the court finds the fee to be reasonable.

Following the remand ordered by this court, Plaintiff sought and was awarded fees in the amount of $1,800.00 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *See* Order (Doc. 24). "If an attorney receives attorney's fee under both the EAJA and [§] 406(b), he must refund the smaller fee to his client, but 'may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent [§] 406(b) fee request.'" *Black v. Culbertson*, 470 F. App'x 737, 738 (11th Cir. 2012) (quoting *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010)). Here, Plaintiff's counsel concedes that he must refund Plaintiff for the $1,800.00 EAJA award previously collected and appears to request the court effectuate the refund by deducting the amount of the earlier EAJA award from his current § 406(b) fee request. (Doc. 25) at 2 (Plaintiff's counsel requests his attorney's fees to be paid "out of the past-due benefits of Plaintiff in the amount of $3,593.98 (with the remaining $1,800.00 to correspond with the EAJA award refunded to Plaintiff)"). Based on Plaintiff counsel's request to effectuate the refund by deducting the amount of the earlier EAJA award from this section 406(b) fee request, Plaintiff's counsel may now collect $3,593.98 as a reasonable attorney's fee.

Accordingly, it is

ORDERED that, pursuant to 42 U.S.C. § 406(b),

1. The Motion for Approval of Attorney's Fees (Doc. 25) is hereby GRANTED to the extent that the contingent fee amount is reduced by (a) $5,500.00 for work at the

administrative level; and (b) $1,800.00, the amount previously awarded under the EAJA. Counsel is hereby AWARDED $3,593.98 as a reasonable attorney's fee;

2. The Commissioner shall pay to Plaintiff's counsel $3,593.98 of the amount previously withheld from Plaintiff's past due benefits; and

3. The Commissioner shall pay to Plaintiff $1,800.00 to effectuate the refund of the earlier EAJA award.

Done this 19th day of November, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE